# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
October 15, 2013

Lyle W. Cayce
Clerk

No. 12-50959
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

EZEQUIEL MENDOZA-ESPINOZA, also known as Cipriano Rodriguez-Garcia,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:12-CR-1063-1

Before JOLLY, DeMOSS, and ELROD, Circuit Judges.

PER CURIAM:[*]

Ezequiel Mendoza-Espinoza pleaded guilty to illegally reentering the United States after having been removed in violation of 8 U.S.C. § 1326, and he was sentenced within the Sentencing Guidelines to 57 months of imprisonment. He argues that his within-guidelines sentence is substantively unreasonable because it is greater than necessary to meet the sentencing goals of 18 U.S.C. § 3553(a).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-50959

We consider the reasonableness of a sentence by engaging in a bifurcated review process. *Gall v. United States*, 552 U.S. 38, 51 (2007). Because Mendoza-Espinoza does not argue that the district court committed any procedural error, we consider only the "substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." *Id.*

Although Mendoza-Espinoza asserts that a presumption of reasonableness should not apply to his within-guidelines sentence because U.S.S.G. § 2L1.2 lacks an empirical basis, that issue is foreclosed. *See United States v. Duarte*, 569 F.3d 528, 530-31 (5th Cir. 2009); *United States v. Mondragon-Santiago*, 564 F.3d 357, 366-67 (5th Cir. 2009). His argument that § 2L1.2 is unreasonable because it is not empirically based likewise is foreclosed, and we have repeatedly rejected the argument that a sentence imposed pursuant to § 2L1.2 is greater than necessary to meet § 3553(a)'s goals as a result of any double counting inherent in that Guideline. *See Duarte*, 569 F.3d at 529-31.

As for his argument that the guidelines range overstated the seriousness of his illegal reentry offense and failed to reflect his personal history and characteristics, the record reflects that the district court considered mitigation factors and balanced them against other § 3553(a) factors. Mendoza-Espinoza has failed to show that his within-guidelines sentence "does not account for a factor that should receive significant weight, . . . gives significant weight to an irrelevant or improper factor, or . . . represents a clear error of judgment in balancing sentencing factors." *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009). We find no reason to disturb the presumption of reasonableness in this case. *See id.*; *United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006).

The judgment of the district court is AFFIRMED.